UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **ANTHONY DEAN CRAIG** <br> **LA. DOC #229036** <br> **VS.** | **CIVIL ACTION NO. 5:14-cv-0532** <br><br> **SECTION P** <br><br> **JUDGE S. MAURICE HICKS** |
| **WARDEN LYNN COOPER** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Petitioner Anthony Dean Craig, represented herein by his attorney Mitchel Mark Evans, II, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2014 on March 11, 2014. Petitioner is an inmate in the custody of Louisiana's Department of Corrections. He attacks his 2009 conviction for sexual battery and the 25 year sentence imposed thereon by the Eleventh Judicial District Court, Sabine Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d)(1).

*Statement of the Case*

On August 13, 2007, the Sabine Parish Grand Jury charged petitioner with aggravated rape of a five year old child. He waived his right to trial by jury and following a bench trial held on July 2, 2009, he was found guilty of the lesser included offense of sexual battery. On September 17, 2009, he was sentenced to serve 25 years at hard labor.

He appealed his conviction to the Third Circuit Court of Appeals arguing the following assignments of error:

(1) The Trial Court committed an abuse of discretion in failing to grant Appellant's request for Trial by Jury;

(2) Appellant was denied effective assistance of counsel in the following respects:

(A) Trial Counsel failed to establish the defense of Alibi;

(B) Trial Counsel failed to retain expert witness(es) qualified within the field of Forensic Psychiatry with an emphasis on the dynamics of sexual abuse perpetrators and victims;

(C) Trial Counsel failed to establish character witnesses to establish Appellant's propensities with minor children;

(D) Trial Counsel failed to object to the repeated attempts by the prosecution to treat fact witnesses as experts within the field of child sexual assault victims to counter sufficiency of the evidence presented by the state;

(E) Trial Counsel failed to object to the introduction of Appellant's criminal record and allowed the prosecution to discuss every arrest Appellant has ever received;

(F) Trial Counsel failed to object to the introduction of evidence relative to Appellant's sexual orientation and allowed the prosecution to develop that evidence before the Trial Judge; and,

(G) Trial Counsel failed to move for Mistrial as the 'alleged' victim failed in four (4) attempts to identify Appellant in Open Court as the perpetrator, a necessary element of proof in a prosecution for Aggravated Rape. [Doc. 1-2, pp. 1-26]

On June 2, 2010, the Court of Appeals affirmed petitioner's conviction in an unpublished opinion. *State of Louisiana v. Anthony Dean Craig*, 2009-01547 (La. App. 3 Cir. 6/2/2010), 39 So.3d 856 (Table) [See also Doc. 1-2, pp. 42-55]. The Court of Appeals determined "With regard to the defendant's first assignment of error, we find that the defendant waived his right to a jury trial on two occasions. The first occurred at a hearing on February 17, 2009, and the second immediately before trial began on July 2, 2009." *State of Louisiana v. Anthony Dean Craig*,

2010 WL 2179724 at *1. As to the second assignment of error, the Court noted, "... we find that the issues raised and identified as the alibi defense, the failure to call expert witnesses, and the failure to call character witnesses would more properly be addressed in an application for post conviction relief where a full evidentiary hearing can be conducted. Therefore, we will not consider them at this time." *Craig,* at *4. The Court then addressed the merits of the remaining claims of ineffective assistance of counsel, determined that those assignments were without merit, and concluded by noting, "We affirm the defendant's conviction in all respects. We relegate his arguments concerning ineffective counsel relative to an alibi defense, failure to retain expert witness(es), and failure to adduce character testimony to the post conviction relief process." *Craig*, at *6.

On June 29, 2010, petitioner applied for writs in the Louisiana Supreme Court [Doc. 1-2, pp. 56-67] arguing the following assignments of error: (1) "The Court of Appeal ... erroneously concluded that the Defendant knowingly and intelligently waived his right to Trial By Jury...;" (2) "The Court of Appeal ... erroneously concluded that the Defendant was not denied effective assistance of counsel...;" and, (3) "The Court of Appeal ... erroneously deferred all other issues regarding claims of ineffective assistance of counsel to the Post Conviction Relief process." [Doc. 1-2, p. 60] With regard to the third assignment of error, petitioner argued, "The Third Circuit deferred all other issues regarding ineffective assistance of counsel to the Post Conviction Relief process. However, this ignores a clear line of cases which recognizes that Courts of Appeal can address ineffective assistance of counsel claims if the record contains sufficient evidence to decide the issue and the issue is properly raised by assignment of error on appeal. [citations omitted] In support thereof, Appellant made extensive use of transcript excerpts of

several court proceedings. Thus, there was ample evidence within the record as would justify an exercise in judicial economy in addressing these claims in the appellate process." [Doc. 1-2, p. 64]

On January 14, 2011, the Supreme Court denied writs without comment. *State of Louisiana v. Anthony Dean Craig*, 2010-1533 (La. 1/14/2011), 52 So.3d 900. [See also Doc. 1-2, p. 68] Petitioner did not seek further direct review in the United States Supreme Court [Doc. 1, ¶9(h)]; nor did he seek post-conviction review in the Louisiana courts. [Doc. 1, ¶10]

Instead, on April 14, 2011, through counsel, he filed a petition for writ of *habeas corpus* in this Court raising the same claims raised on direct appeal in the Louisiana courts. *See Anthony Dean Craig v. Warden Lynn Cooper*, Civil Action No. 5:11-cv-0611 at Doc. 1. On June 8, 2011, United States Magistrate Judge Mark L. Hornsby completed an initial review and concluded that "Petitioner has properly exhausted claims (1), (2d), (2e), (2f), and (2g) in the state courts. However, from the filings provided by Petitioner, it appears he has failed to properly exhaust claims (2a), (2b), and (2c). The Louisiana Third Circuit Court of Appeal relegated his arguments as to these claims to the post conviction relief process." [*Id*., Doc. 3]

The Magistrate Judge then observed, "Because all of Petitioner's claims have not been exhausted in the state courts, this entire petition is subject to dismissal. On the other hand, if Petitioner dismisses his unexhausted claims and asserts only his exhausted claims, he may be entitled to go forward. However, petitioner is put on notice that dismissing the unexhausted claims is not without consequence. If he should dismiss the unexhausted claims at this time, he may be precluded from brining the claims in the future. Specifically, the law with respect to successive petitions requires a petitioner to obtain authorization from the appropriate court of

appeals before filing a second or successive petition. 28 U.S.C. §2244(b)(3)(A). Additionally, any future filings may be barred by the one-year statute of limitations imposed by 28 U.S.C. §2244(d)(1)." Thereafter petitioner was directed within 30 days to "... expressly state whether he seeks review of the unexhausted claims in this court at this time, whether he wishes to dismiss same, or whether he wishes to dismiss this entire petition to refile at a later date after he exhausts state court remedies on all claims asserted herein." He was further advised that his failure to comply with the order would "result in dismissal of this suit pursuant to rules 41(b) and 16(f) of the Federal Rules of Civil Procedure." [*Id*.]

Petitioner did not respond to the order and so, on October 25, 2012 Magistrate Judge Hornsby recommended dismissal of the petition without prejudice for failing to prosecute. [*Id*., Doc. 5] Petitioner did not object and on December 3, 2012, United States District Judge Elizabeth E. Foote adopted the recommendation and entered judgment dismissing the petition without prejudice. [*Id*., Doc. 6] Petitioner did not appeal.

He filed the instant petition on March 11, 2014.

### *Law and Analysis*

*1. Limitations*

Title 28 U.S.C. § 2244(d)(1) (as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a one-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period [*see Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the limitations period is tolled only for as long as the state application remains properly filed and pending in the state's courts. *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

On June 2, 2010, petitioner's conviction was affirmed by the Second Circuit Court of Appeals. *State of Louisiana v. Anthony Dean Craig*, 2009-01547 (La. App. 3 Cir. 6/2/2010), 39 So.3d 856 (Table) [See also Doc. 1-2, pp. 42-55] He timely applied for writs in the Louisiana Supreme Court and on January 14, 2011, writs were denied. *State of Louisiana v. Anthony Dean Craig*, 2010-1533 (La. 1/14/2011), 52 So.3d 900. [See also Doc. 1-2, p. 68] Petitioner did not seek further direct review in the United States Supreme Court. [Doc. 1, ¶9(h)]

Petitioner's judgment of conviction "became final by the ... expiration of the time for seeking ... [direct] review" [28 U.S.C. § 2244(d)(1)(A)], on or about April 15, 2011, when the

---

[1] The pleadings and exhibits do not suggest that petitioner may rely upon the reckoning periods established by §2244(d)(1)(B), (C), or (D).

6

ninety-day period for seeking further direct review in the United States Supreme Court expired. See Supreme Court Rule 13; *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999) (The state court judgment is not final for *habeas* purposes until the 90 day period for filing a *writ of certiorari* to the United States Supreme Court has expired.) Since petitioner's judgment of conviction became final for AEDPA purposes on April 15, 2011, petitioner had one year, or until April 15, 2012, to file his federal *habeas corpus* suit.

Petitioner cannot rely on the tolling provision of §2244(d)(2) because he did not file a "... State post-conviction or other collateral review..." in the Louisiana courts [Doc. 1, ¶10], and his prior *habeas* petition [5:11-cv-0611] could not serve to toll limitations under the AEDPA. *Duncan v. Walker*, 533 U.S. 167, 173, 121 S.Ct. 2120, 2125, 150 L.Ed.2d 251 (2001) (Congress did not intend properly filed applications for federal *habeas corpus* review to toll the limitation period pursuant to Section 2244(d)(2).)[2]

*2. Equitable Tolling*

The AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond

---

[2] Of course, even if petitioner were afforded the benefits of tolling during the pendency of his first habeas corpus petition, a period in excess of 1-year elapsed between the date the petition was dismissed, December 3, 2012, and the date petitioner filed the instant petition, March 11, 2014.

his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006). "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Here, it appears that petitioner was represented by retained counsel, Mr. Evans, throughout the State appellate process. It further appears that Mr. Evans represented petitioner in his first ill-fated round of *habeas corpus* review. It therefore does not appear that external factors beyond his control prevented the timely filing of his federal *habeas* petition. Likewise, petitioner cannot demonstrate diligence. As noted above, his first *habeas* petition was dismissed on December 3, 2012. Prior to that, Magistrate Judge Hornsby, in his October 25, 2012, Report, advised petitioner about the 1-year period of limitation codified in Section 2244(d)(1). Nevertheless, petitioner allowed a period in excess of one year to elapse between the date the first petition was dismissed and the date the second petition was filed.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation

to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In chambers, Monroe, Louisiana, April 4, 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

9